**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| USA<br>Plaintiff(s),<br>v.<br>BENJAMIN AZARIAH SOUTHWORTH<br>Defendant(s). | Case No. 2:26−cr−00570−WLH<br><br>**STANDING ORDER FOR CRIMINAL CASES** |

This criminal case has been assigned to the calendar of United States District Judge Wesley L. Hsu. This Criminal Case Standing Order, Federal Rules of Criminal Procedure, the Local Criminal Rules of the Central District of California ("Local Criminal Rules"), and the applicable Local Civil Rules of the Central District of California ("Local Civil Rules") will govern this case. The Court periodically updates this Order. Counsel should obtain the latest version of the Order under Orders & Additional Documents at the bottom of Judge Hsu's webpage on the Court's website. (http://www.cacd.uscourts.gov/honorable−) (wesley−l−hsu). The version date appears in the electronic file name.

To ensure the just determination of this action, "to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay," as called for in Fed. R. Crim. P. 2, all parties or their counsel, including *pro se*[1] defendants, are ordered to be familiar with this Order, the Federal Rules of Criminal Procedure, the Local Criminal Rules, the Local Civil Rules, this Court's online Procedures and Schedules, and the law governing the issues in this case.[2]

Unless the court orders otherwise, the following rules shall apply.

## A. GENERAL REQUIREMENTS

### 1. Filings.

**(a) Caption.** The captioned title of every filing shall contain: (a) the name of the first-listed defendant as well as the name(s) and number(s) (in the order listed in the Indictment) of the particular defendant(s) to whom the filing applies, unless the document applies to all defendants; (b) the individual defendant's registration number when applicable to the relief requested (e.g., requests for transfer, medical requests); and (c) the milestone dates for Indictment, Final Pretrial Conference ("FTPC"), Trial, and Last Day of the speedy trial period.

**(b) Docketing.** All parties shall docket items only as to the particular defendant(s) to whom the item pertains, rather than all defendants, unless the item pertains to all. Except for documents filed under seal or in camera, every document shall be filed electronically in such a way that it is clear from the docketing entry to which defendant(s) it applies. The outer envelope containing any document filed under seal or in camera should identify the case title by the first-listed defendant and case number only, and should state that the document

---

[1] Parties appearing *pro se* must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* Local Civil Rules 1-3 and 83-2.2.3.

[2] "When applicable directly or by analogy, the Local [Civil] Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified." Local Criminal Rule 57-1.

is being filed under seal or *in camera*.

**(c) Format of Filings.** Pursuant to Local Civil Rule 11-3.1.1, either a proportionally spaced or monospaced face may be used. Typeface shall comply with Local Civil Rule 11-3.1.1. Times New Roman font must be no less than fourteen (14) point, and Courier font must be no less than twelve (12) point. Footnotes shall be in the same font and the same size as the text in the body of the document.

**(d) Attachments.** Each declaration, exhibit, or other attachment accompanying a document must be filed as a separately docketed attachment to the main docket entry with a clear description (e.g., Dkt. 29-1, Smith Decl.; Dkt. 29-2, Ex.1: License Agreement).

**(e) Proposed Orders.** Proposed orders must state the relief sought, the defendant(s) affected, and, when relevant, the supporting rationale and authority−and must be submitted in a form that would originate from the Court. Do not include: (a) any attorney information on the caption page; (b) any information in the footer (except pagination); or (c) any watermark or firm designation anywhere. A template for proposed orders is available on Judge Hsu's website.

**(f) Electronic Filing.** Counsel must follow the Local Rules and General Orders concerning electronic filing, unless superseded by this Order. Counsel shall adhere to Local Civil Rule 5-4.3 with respect to the conversion of all documents to .pdf so that when a document is e-filed, it is in the proper size and is .pdf searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* Local Civil Rule 5-4.3.1.

**(g) Mandatory Chambers Copies.** Parties must submit one paper copy of the exhibits accompanying any filings only if exhibits are voluminous (i.e. over 500 pages). The chambers copies must be submitted to Judge Hsu's mailbox

on the Fourth Floor of the Felicitas and Gonzalo Mendez Courthouse, *Pro Se* litigants are exempt from this requirement. Exhibits, declarations, etc. to chambers copies must be tabbed, where applicable. Mandatory Chambers Copies need NOT be blue-backed.

**2. Calendar Conflicts.** If any counsel discovers a calendar conflict with a scheduled appearance in a court of a more senior district judge, counsel must inform opposing counsel and the Courtroom Deputy Clerk ("CRD") via chambers' email address at: WLH_Chambers@cacd.uscourts.gov as soon as possible and not later than three (3) business days before the scheduled appearance. Counsel should attempt to agree on a new date to accommodate the calendar conflict. Counsel must propose a new date by Stipulation and Proposed Order.

The Court requires an attorney of record to appear at all hearings and will not permit others to stand in on his or her behalf. If an attorney of record cannot appear at a scheduled hearing due to unforeseen circumstances, the parties should follow the procedure outlined above as soon as the conflict arises.

**B. <u>PRETRIAL PROCEDURES</u>**

**1. Bail Review.** Any request for bail review based on changed circumstances or information not previously presented to the Magistrate Judge shall be addressed in the first instance to the Magistrate Judge and shall be served on both opposing counsel and Pretrial Services.

**2. Notice and Discovery.**

**(a) Disclosure Requirements.** Counsel shall comply with all notice and discovery obligations set forth in Fed. R. Crim. P. 12, 12.1-4, 15, and 16. The government shall promptly produce to counsel for the defendant any evidence falling within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Roviaro v. United States*, 353 U.S. 53 (1957), and *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The parties are encouraged to produce witness statements pursuant to 18 U.S.C. § 3500 and

Fed. R. Crim. P. 26.2 sufficiently in advance of trial or other proceeding to avoid delays. Defense counsel is reminded of its reciprocal discovery obligations pursuant to Fed. R. Crim. P. 26 and should promptly produce such materials to avoid delay at trial. Counsel for the government shall also disclose to counsel for defendant the existence or non-existence of: (1) evidence obtained by electronic surveillance; and (2) testimony by a government informant. A violation of this order or the government's obligations under *Brady Giglio, Roviaro, or Henthorn* may lead to a finding of contempt, imposition of sanctions, referral to a disciplinary authority, adverse jury instructions, exclusion of evidence, and dismissal of charges. Counsel shall meet and confer to resolve discovery disputes informally prior to filing a motion to compel discovery. All discovery motions shall state whether the meet and confer requirement has been satisfied and state with particularity what is requested, the basis for the request, whether the discovery at issue has been requested, and opposing counsel's response to such request. Both parties are required to meet and confer in good faith in an effort to reach a resolution without the need for a motion. The Court may decline to hear discovery motions made without prior consultation with opposing counsel.

**(b) Meet and Confer Requirement.** Counsel shall meet and confer to resolve discovery disputes informally prior to filing a motion to compel discovery. All discovery motions shall state whether the meet and confer requirement has been satisfied and state with particularity what is requested, the basis for the request, whether the discovery at issue has been requested, and opposing counsel's response to such request. Both parties are required to meet and confer in good faith in an effort to reach a resolution without the need for a motion. The Court may decline to hear discovery motions made without prior consultation with opposing counsel.

**3. Continuances.** Requests for continuances of pretrial and trial dates must be by motion, stipulation, or application. All requests must be signed by both

the defendant(s) and counsel. Each request must include a detailed factual showing of good cause and due diligence demonstrating the necessity for the continuance, stating whether any previous requests for continuances have been made and whether these requests were granted or denied by the Court. The Court will not grant requests to continue pretrial and trial dates absent the detailed showing. General statements are insufficient to establish good cause. To the extent the request to continue dates is joint, it should state clearly that the government and defendant(s) agree. To the extent the action is complex, one or more parties require additional time to prepare for trial, or other circumstances apply necessitating a continuance, the request should so state and describe in detail. A list of counsel's upcoming scheduled trials in other actions will not support a showing of good cause absent the following information regarding each such action listed: (1) the case name, case number, court where the action is pending, and the initials of the district judge or name of the state court judge assigned to the action; (2) the age of the action; (3) the nature of the offense(s) charged and complexity of the action; (4) the scheduled trial date; (5) the estimated length of trial; (6) the number of continuances previously granted; (7) the parties' trial readiness; (8) the estimated likelihood a future continuance will be requested; and (9) the likelihood the trial will proceed on the scheduled date. Counsel shall avoid submitting requests for continuance of trial less than one (1) week prior to the FTPC. A request to continue dates that have already expired constitutes a presumptive lack of due diligence. Requests extending dates set by the Court are not effective unless approved by the Court.

**4. Pre-trial Motions (except motions *in limine*).**

**(a) Meet and Confer Requirements.** Counsel must meet and confer with opposing counsel "to discuss thoroughly... the substance of the contemplated pre-trial motion and any potential resolution" thereof. Local Criminal Rule 57-1; Local Civil Rule 7-3. Counsel shall discuss the issues to a sufficient degree that if a

motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Both parties are required to meet and confer in good faith in an effort to reach a resolution without the need for a motion.

**(b) Length of Brief.** Memoranda of points and authorities in support of or in opposition to motions (besides motions *in limine*) shall not exceed 7,000 words. Replies shall not exceed 3,000 words. These page counts include headings, footnotes, and quotations but exclude the caption, the table of contents, the table of authorities, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits. Only in rare instances and for good cause shown will the court grant an application to extend these word count limitations. No supplemental brief shall be filed without prior leave of court.

**(c) Filing of Motions.** Motions shall be filed in accordance with Fed. R. Crim. P. 47 and Local Criminal Rule 49, *et seq*., unless superseded by this Order. The Court hears motions in criminal actions on Fridays, beginning at 9:30 a.m. Pretrial motions, including motions to suppress evidence, motions to bifurcate or sever, and motions concerning character evidence under Fed. R. Evid. 404(b), shall be noticed for a Friday that is mutually agreed to by counsel and that is not closed on the Court's calendar. Before filing a motion, the moving party should check the Court's webpage for available hearing dates. The parties should not calendar a matter on a date that is closed on the Court's webpage. If this occurs, the Court will re-calendar the matter for another day.

**(d) Briefing Schedule.** For all motions, other than motions *in limine*, the briefing schedule is as follows: motions shall be filed five (5) weeks prior to the hearing; oppositions or notices of non-opposition shall be filed three (3) weeks prior to the hearing; and replies, if any, shall be filed two (2) weeks prior to the hearing. All motions must be properly noticed for hearing no later than the date of the FTPC. The parties must adhere to the briefing schedule set forth herein to afford the Court adequate time to prepare for the hearing; however, the parties

may stipulate to an alternate briefing schedule contingent upon approval by the Court. Failure to comply with these deadlines may result in the court declining to consider the untimely memorandum or other document. Local Criminal Rule 57-1; Local Civil Rule 7-12.

**5. *Ex Parte* Applications.**

**(a) General Requirements.** *Ex parte* applications are disfavored. Counsel are reminded that *ex parte* applications are solely for extraordinary relief. Applications that do not meet the requirements set forth in Local Civil Rule 7-19 will not be considered. Sanctions may be imposed for misuse of *ex parte* applications. *See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488* (C.D. Cal. 1995). *Ex parte* applications that fail to conform to Local Civil Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered except upon a specific showing of good cause. The moving party shall serve the opposing party electronically, if possible. A party is considered served once the *ex parte* application has been e-filed. All parties registered for electronic service are sent a notification of ECF filing each time a document is e-filed with a link to the document for one free view. Defendants exempt from electronic service must be served the *ex parte* application by facsimile or personal service. *See* Local Criminal Rules 49-1.2, 49-1.3.2(b); Local Civil Rule 5-3. The Court considers *ex parte* applications on the papers and usually does not set these matters for hearing.

**(b) Service.** Following service of the *ex parte* application by electronic, facsimile, or personal service, the moving party shall notify the opposing party that any opposition must be filed no later than twenty-four (24) hours following service. Counsel will be notified by ECF of the court's ruling. If a party does not intend to oppose an *ex parte* application, counsel must promptly inform the CRD.

**(c) Supervision-Related Relief.** When requesting supervison-related

relief (e.g., a travel or transfer request), the applicant must obtain from Probation & Pretrial Services its position and any proposed conditions and set forth this information in the application. *Ex parte* applications to allow defendants to travel should be made well in advance of the proposed date of travel. Applications by defendants with appointed counsel must indicate who will pay for the travel and related expenses. If these expenses are not to be paid by the defendant's employer, the court may require declarations under penalty of perjury from the person paying the expenses.

**6. Motions *in Limine*.**

**(a) Meet and Confer Requirements.** Before filing a motion *in limine*, the parties must meet and confer. The moving party must identify the evidence to be excluded or admitted, the specific terms of the order sought, and the rationale and supporting authority. The nonmoving party shall state whether the party intends to introduce the evidence sought by the moving party to be excluded or oppose the moving party's motion to admit the evidence and provide the rationale and supporting authority if the nonmoving party opposes the motion. Both parties are required to meet and confer in good faith in an effort to reach a resolution without the need for a motion.

**(b) Hearing at the Pretrial Conference.** Motions *in limine* will generally be heard and ruled upon at the FTPC. The Court may rule orally instead of in writing.

**(c) Limitation on Number of *in limine* Motions.** Each side is limited to five (5) motions *in limine* unless the Court grants leave to file additional motions.

**(d) Briefing.** All motions *in limine* must be filed at least twenty-eight (28) days before the FTPC. Oppositions must be filed at least fourteen (14) days before the FTPC. There shall be no replies, unless ordered by the Court. Motions *in limine* and oppositions must not exceed 2500 words in length. Motions *in limine*

should address specific disputed issues (e.g., not "to exclude all hearsay"). The Court may strike without further notice excessive, unvetted, or untimely motions *in limine*.

**C. <u>FINAL PRETRIAL CONFERENCE (FPTC)</u>**

No later than one (1) week before the FTPC, the government shall file and email the documents described below in Microsoft Word format to WLH_Chambers@cacd.uscourts.gov:

- A trial memorandum;
- Proposed voir dire questions, if any;
- A witness list;
- An exhibit list;
- A joint case-specific glossary for the CRD;
- Joint jury instructions in the form described below;
- A joint proposed verdict form and

The government must provide a Mandatory Chambers Copy of each document delivered to Judge Hsu's mailbox outside the Clerk's Office on the Fourth Floor of the Felicitas and Gonzalo Mendez Courthouse no later than 5:00 p.m. on the first court day after the filing date. The Mandatory Chambers Copies must be "binder ready" (three-hole punched on the left side, without blue-backs or staples).

**1. Trial Memorandum.** The government's trial memorandum shall set forth: (1) a factual summary of the government's case-in-chief; (2) a statement of the charges and the elements of each charge; (3) a time estimate of the length of the government's case-in-chief, including anticipated cross-examination; and (4) a discussion of relevant legal and evidentiary issues as applied to the facts of the particular case. The government shall specify, after a meet and confer, whether the parties agree or disagree on matters (1) through (4).

**2. Witness Lists.** Witness lists must identify all potential witnesses using full names - including middle names and the year of birth for common

names - and must be in the format specified in Local Civil Rule 16-5. If the defense objects to identifying a potential witness (not already on the government's list), the objection must be raised at the PTC. The lists must include for each witness: (1) a brief description of the testimony; (2) the reasons the testimony is unique and not redundant; and (3) a time estimate in hours for direct and cross-examination. The parties should use the template posted to Judge Hsu's webpage. Any Amended Witness List must be filed by 12:00 p.m. (noon) on the Friday before trial and emailed to WLH_Chambers@cacd.uscourts.gov in Microsoft Word format.

**3. Exhibit Lists.** Exhibit Lists must be in the format specified in Local Civil Rule 16-6 and shall include an additional column stating any objections to authenticity and/or admissibility and the reasons for the objections. The parties should use the template posted to Judge Hsu's webpage. Exhibits shall be numbered sequentially 1, 2, 3, etc., not 1.1, 1.2, 1.3, etc. *See* Local Civil Rule 16-6. The list should include defense exhibits to the extent the defense does not object to disclosure. Any Amended Exhibit List must be filed by 12:00 p.m. (noon) on the Friday before trial and emailed to WLH_Chambers@cacd.uscourts.gov in Microsoft Word format.

**4. Case-Specific Glossary.** The parties must provide a joint case-specific glossary for the court reporter that includes applicable medical, scientific, or technical terms, gang terms, slang, the names and spellings of case names likely to be cited, street/city/country names, all parties/agents/departments/ entities involved in the case, names of people interviewed/deposed, names of family members, friends, or others who might be mentioned, and other case-specific terminology.

**5. Jury Instructions**

**(a) Joint Instructions Required.** The parties must meet and confer to generate and provide joint instructions. For any disputed instruction, the opponent shall state on a separate page following the disputed instruction: (1) the

basis for the objection; (2) authority supporting the objection; and (3) an alternative instruction (if applicable). On the following page, the proponent shall briefly respond to the objection with supporting authority.

**(b) Sources.** The parties must use the current edition of the Ninth Circuit's Manual of Model Criminal Jury Instructions for all available instructions and otherwise the current edition of O'Malley, Grenig & Lee, Federal Jury Practice and Instructions. A party may submit alternatives to instructions in these two sets only if counsel has a reasoned argument that those instructions are incomplete or inaccurate. Each requested instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction. The Court seldom gives instructions derived solely from case law.

**(c) Disputed Instructions.** For any disputed instruction, the opponent shall state on a separate page following the disputed instruction: (1) the basis for the objection; (2) authority supporting the objection; and (3) an alternative instruction (if applicable). On the following page, the proponent shall briefly respond to the objection with supporting authority. Where appropriate, the disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially. If there are excessive or frivolous disagreements over jury instructions, the Court will order the parties to meet and confer immediately until they substantially narrow their disagreements.

**(d) No Blanks or Bracketed Language.** Counsel should not leave blanks or inapplicable bracketed text in any instruction. It is counsel's duty to conform the instructions to the case (e.g., inserting names of defendant(s) or witness(es) to whom the instruction applies and selecting the appropriate bracketed text, but not changing the standard language of the instruction). Where language appears in brackets in the model instruction, counsel must select the appropriate text and eliminate the inapplicable bracketed text.

**(e) Index.** All proposed jury instructions must have an index that includes the following for each instruction, as illustrated in the example below:

- the number of the instruction;
- the title of the instruction;
- the source of the instruction and any relevant case citations; and
- the page number of the instruction.

***Example:***

| **Instruction Number** | **Title** | **Source** | **Page Number** |
|---|---|---|---|
| #1 | Conspiracy-Elements | 9th Cir. 8.5.1 | 1 |

Counsel also shall list the instructions in the order they will be given and indicate whether the instructions shall be read before opening statement, during trial, or before closing arguments.

**(f) "Clean" Electronic Copy.** Counsel shall submit to the Chambers email WLH_Chambers@cacd.uscourts.gov a "clean" set of all instructions in Word format that will be given to the jury, containing only the text of each instruction, set forth in full on each page, with the caption "Instruction No. ____" (eliminating the title and source of the instruction, supporting authority, etc.).

**6. Joint Verdict Form.** The parties shall make every effort to agree on a verdict form before submitting proposals to the Court. If the parties are unable to agree on a verdict form, the parties shall file and email to Chambers one document titled "Competing Verdict Forms" which shall include: (1) the parties' respective proposed verdict form; (2) a redline of any disputed language; and (3) the factual or legal basis for each party's respective position.

**7. Voir Dire Questions.** The Court will conduct the initial voir dire. The Court will ask prospective jurors basic biographical questions (jurors' place of residence, employment, whether familiar with the parties or counsel, etc.), as

well as questions regarding their ability to be fair, impartial, and carry out the duties required. The Court may ask additional case-specific questions. Each party will then have ten (10) minutes to ask prospective jurors additional questions. All challenges for cause and all *Batson* challenges shall be made at side bar or otherwise outside the prospective jurors' presence. The Court will not necessarily accept a stipulation to a challenge for cause.

**D. TRIAL**

**1. Trial Schedule.** The schedule for the first day of trial is typically 9:00 a.m. to 5:00 p.m. with two fifteen (15) minute breaks and a one (1) hour lunch break. The parties must appear at 9:00 a.m. to discuss preliminary matters with the Court. The Court will call a jury panel only when it is satisfied the case is ready for trial. Depending on the nature of the case, jury selection may take only a few hours or a few days. The parties should be prepared to proceed with opening statements and witness examination immediately after jury selection. Fridays are usually reserved for the Court's calendar. As a result, trial may not be held on Fridays or the schedule may be shortened, unless the jury is deliberating, or the court's calendar allows trial to proceed on a regular schedule. Therefore, trial will generally begin on Monday and continue through Thursday, with a shortened or dark Friday schedule.

**2. Government Materials to be Presented on the First Day of Trial.**

**(a) Documents and Binders.** The government must present the following materials to the CRD on the first day of trial:

- Three (3) copies of the indictment/information;
- Three (3) copies of the government's witness list;
- Three (3) copies of the government's exhibit list; and
- The *three binders* described below, with one (1) original set of trial exhibits for the jury and two (2) copies of trial exhibits for the Court.

**(b) Contraband.** Exhibits such as firearms, narcotics, etc., must

remain in the custody of a law enforcement agent during the pendency of the trial. It shall be the responsibility of the agent to produce any such items for the Court, secure them at night, and guard them at all times while in the courtroom. The United States Marshals Service shall be advised well in advance if a weapon or contraband is to be brought into the courthouse. A placeholder page listing the nature of the exhibit (i.e., firearm, methamphetamine, etc.) and exhibit number shall be placed in the exhibit binder.

**3. Defense Materials to be Presented at Trial.** The Court prefers that defense counsel deliver defense exhibits to the CRD on the first day of trial, but counsel are not required to do so unless these exhibits have previously been provided to the government. Defense counsel are responsible for affixing completed exhibit tags with the case name and case number to all exhibits to be used in defendant's case. In trials where the defense expects to admit more than ten (10) exhibits, defense counsel shall provide three exhibit binders, as described below. The exhibits are to be tabbed, if possible, with numbers to correspond to the exhibits counsel expects to introduce. Defense counsel shall provide the Court with a copy of defense exhibits as they are introduced during trial if they have not previously been provided. Defense counsel shall provide the government, the CRD and the Court Reporter with the defense witness list and the defense exhibit list at the start of the defense case, at the latest.

**4. Trial Exhibits Binder Requirements.**

**(a) Three Binders.** Trial exhibits that consist of documents and photographs must be submitted to the Court in three-ring binders. The parties must submit to the court three binders: (1) one binder containing the original set of trial exhibits; and (2) two binders containing copies of the trial exhibits. The original set of exhibits will be for use by the jury during its deliberations, and the copies are for the Court. The parties must prepare additional copies of exhibits for their own use and for use by witnesses. The parties must review the exhibit list and exhibit

binders with the CRD before the admitted exhibits will be given to the jury.

**(b) Exhibit Format.** All exhibits placed in three-ring binders must be indexed by exhibit number with tabs or dividers on the right side. Exhibits shall be numbered sequentially 1, 2, 3, etc., not 1.1, 1.2, etc. *See* Local Civil Rule 16-6. Every page of a multi-page exhibit must be numbered. Defendant's exhibit numbers shall not duplicate Plaintiff's numbers. The spine of each binder shall indicate the name of the case, case number, exhibit volume number, and the range of exhibit numbers included in the volume.

**(c) Exhibit Tabs.** The original exhibits shall bear the official exhibit tags (yellow tags for government's exhibits and blue tags for defendant's exhibits) affixed to the front upper right-hand corner of the exhibit, with the case number, case name, and exhibit number stated on each tag. Tags may be obtained from the Clerk's Office, or the parties may print their own exhibit tags using Forms G-14A and G-14B on the "Court Forms" section of the Central District of California's website. The copies of exhibits must bear copies of the official exhibit tags that were placed on the original exhibits and be indexed with tabs or dividers on the right side.

**(d) Enlargements and Charts.** An enlargement of an existing exhibit shall use the original exhibit number followed by an "A." Counsel shall not attempt to display or use any charts or enlargements of exhibits unless all counsel have agreed to their use or objections have been heard and a ruling has been made by the Court.

**5. Audio, Video Files, and Digital Evidence.** Such evidence must be contained on a flash drive, unless otherwise directed by the Court. The party introducing the evidence is responsible for ensuring that the flash drive contains only admitted evidence. The parties should meet and confer in an effort to reach an agreement as to the admissibility of such evidence in its original form, as well as any excerpts thereof. Exhibits consisting of audio recordings should be

accompanied by appropriate transcripts to assist the trial participants in following along. The party seeking to admit an audio recording should provide transcripts to the opposing party well in advance of trial and, during trial, to the Court, court reporter, each juror, and opposing counsel *before* the audio recording is played. The transcripts shall use the original exhibit number of the audio recording followed by an "A" for identification purposes. The transcripts will not be admitted into evidence and should be collected after the audio recording has been played.

**6. Audio/Visual Equipment and Other Electronic Equipment.** The Court provides audio/visual equipment for use during trial. The parties are encouraged to familiarize themselves with this equipment. More information is available at: http://www.cacd.uscourts.gov/clerk-services/courtroom-technology. The Court does not permit exhibits to be "published" to the jurors before they are admitted into evidence. Once admitted, exhibits may be displayed electronically using the equipment and screens in the courtroom. If electronic equipment must be brought into the courtroom for trial, counsel shall make prior arrangements with the Court Security, and counsel must provide notice no later than four (4) days before trial to the CRD at WLH_Chambers@cacd.uscourts.gov

**7. Special Court Reporter Services.** Any party requesting special court reporter services for any hearing, such as "Real Time" transmission or daily transcripts, shall notify Court Reporting Services at least fourteen (14) days before the hearing date.

**E. CONDUCT OF ATTORNEYS AND PARTIES**

**1. Meeting and Conferring Throughout Trial.** The parties must continue to meet and confer on all issues that arise during trial. The Court will not rule on any such issue unless the parties have attempted to resolve it first.

**2. Opening Statements, Witness Examinations, and Summation.** Counsel must use the lectern. Counsel should not consume jury time by writing out words and drawing charts or diagrams. All such aids must be prepared in advance.

When appropriate, the Court will establish and enforce time limits for all phases of trial, including opening statements, closing arguments, and the examination of witnesses.

**3. Objections to Questions.** Counsel must not make so-called "speaking objections " before the jury or otherwise make speeches, restate testimony, or attempt to guide a witness. Instead, when objecting, counsel must rise and state only the legal grounds for the objection (e.g., "Objection, hearsay"). If the Court invites either clarification of the legal grounds for the objection or a response, counsel must not abuse the invitation by providing factual argument before the jury. If counsel wishes to argue an objection, counsel must seek permission from the Court to do so. Sidebar conferences are generally not permitted at the request of counsel for evidentiary objections, especially for issues that could have been anticipated. Counsel should anticipate significant issues and schedule a hearing when the jury is not waiting−e.g., before the jurors arrive or after they leave for the day.

**4. Special Accommodations.** Counsel must notify the CRD in advance if a witness requires an interpreter or an accommodation under the Americans with Disabilities Act (or for any other reason).

**5. General Decorum While in Session.**

**(a)** Counsel shall remain at the lectern when questioning a witness or giving an opening statement or closing argument. Counsel shall not approach the witness or enter the well without the Court's permission and shall return to the lectern when the permitted purpose has been accomplished. Counsel shall not leave counsel table to confer with investigators, witnesses, or others while court is in session without the Court's permission.

**(b)** Counsel must rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom, unless directed otherwise.

**(c)** Counsel must address all remarks to the Court. Counsel must not

address the CRD, the court reporter, persons in the audience, or opposing counsel. Any request to re-read questions or answers shall be addressed to the court. Counsel must ask the Court's permission to speak with opposing counsel.

**(d)** Counsel must not address or refer to witnesses or parties by first names alone, except for: (1) witnesses who are below age fourteen (14); and (2) witnesses who share the same last name.

**(e)** Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable. Any stipulation of fact will require the defendant's personal concurrence, must be explained to the defendant in advance, must be accompanied by the defendant's signature, and must be submitted to the Court for approval.

**(f)** Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness or argument by opposing counsel. Counsel shall instruct their clients and witnesses not to engage in such conduct.

**(g)** When the trial is not in session, counsel must never speak to jurors under any circumstance, and must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors. Counsel must instruct their clients and witnesses to avoid such conduct.

**(h)** Where a party has more than one lawyer, only one attorney may conduct the direct or cross-examination of a witness or make objections as to that witness.

**(i)** Bottled water is permitted in the courtroom. Food, gum, and other beverages are not permitted. Cell phones must be silenced or may be confiscated.

**6. Punctuality.**

**(a)** The Court expects the parties, counsel, and witnesses to be punctual. Once the parties and their counsel are engaged in trial, the trial must be

their priority. The Court will not delay progress of the trial or inconvenience jurors.

**(b)** If a witness was on the stand at the time of a recess or adjournment, the party that called the witness shall ensure the witness is back on the stand and ready to proceed as soon as trial resumes.

**(c)** The parties must notify the CRD in advance if any party, counsel, or witness requires a reasonable accommodation based on a disability or other reason.

**(d)** No presenting party may be without witnesses. If a party's remaining witnesses are not immediately available, thereby causing an unreasonable delay, the Court may deem that party to have rested.

**(e)** The Court generally will accommodate witnesses by permitting them to be called out of sequence. Counsel should meet and confer in advance and make every effort to resolve the matter.

**7. Exhibits.**

**(a)** No exhibit shall be placed before a witness unless a copy has been provided to the Court and opposing counsel. Counsel must keep track of their exhibits and exhibit list, and record when each exhibit has been admitted into evidence.

**(b)** Counsel are responsible for any exhibits they secure from the CRD and must return them before leaving the courtroom.

**(c)** Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

**(d)** Counsel must inform the CRD of any agreements reached regarding any proposed exhibits, as well as those exhibits that may be received into evidence without a motion to admit. When referring to an exhibit, counsel must refer to its exhibit number. Counsel should instruct their witnesses to do the same.

Counsel should make every effort to correctly identify for the record the exhibit being referred to and should use specific descriptions when directing witnesses to identify items within the exhibit (i.e., “turning your attention to the bottom right-hand corner of exhibit 1. . .,” versus “take a look at this right here”).

**(e)** Counsel should not ask witnesses to draw charts or diagrams or ask the Court’s permission for a witness to do so. All demonstrative aids must be prepared fully in advance of the day’s trial session.

**(f)** Counsel are required to seek to admit any items of evidence whose admissibility has not yet been stipulated to while the witness authenticating the exhibit is on the stand, so that any issues or concerns that arise may be addressed immediately.

**F. <u>SENTENCING</u>**

**1. Original Sentencing.** Once set, the sentencing hearing shall not be continued absent a detailed, substantial showing of good cause. No later than fourteen (14) days before the hearing, each party shall submit either a sentencing memorandum or a written notice of intent not to file one. Before considering any sentencing video, the Court requires counsel to justify its submission, limit the video to less than ten (10) minutes, create a transcript, and provide the video and transcript to opposing counsel at least twenty-one (21) days before the hearing. The Court does not permit sentencing documents to be filed under seal except as strictly necessary and justified. When necessary, a sentencing document may be filed under seal along with a redacted version that deletes the confidential information and that justifies each deletion (e.g., “medical information”).

**2. Sentencing Proceedings.** The Court expects the parties to carefully consider the amount of time needed to prepare for sentencing before the hearing date is set. Once set, the sentencing hearing shall not be continued absent a detailed, substantial showing of good cause. The parties are hereby given notice that the Court will consult the Judiciary Sentencing INformation data (“JSIN”)

for the recommended Sentencing Guidelines range in preparation for all sentencing hearings. JSIN data is available at https://jsin.ussc.gov/analytics/saw.dll?Dashboard.

**3. Sentencing Videos.** Absent leave of Court based upon a showing of good cause, the Court does not permit submission or playing of sentencing videos. Before considering any sentencing video, the Court requires counsel to justify its submission, limit the video to less than ten (10) minutes, create a transcript, and provide the video and transcript to opposing counsel at least twenty-one (21) days before the hearing.

**4. Supervision Violation Proceedings.** Any material submitted for a hearing on an alleged or adjudicated violation of supervision shall be filed, when possible, seven (7) days before the hearing, and otherwise no later than two (2) court days before the hearing, absent a showing of good cause set forth in a supporting declaration and court approval.

**IT IS SO ORDERED.**

Dated: September 9, 2026

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE