# EXHIBIT A

# U.S. PRETRIAL SERVICES REPORT

## CONFIDENTIAL

**The Pretrial Services report should not be re-disclosed to other parties (i.e., agents, family, or other third parties) by defense counsel or the attorney for the government.**

**FOR COURTROOM USE ONLY. RETURN ALL COPIES TO THE PRETRIAL SERVICES OFFICER IMMEDIATELY AFTER THE HEARING. ALL COPIES MUST BE DELETED OR DESTROYED AT THE CONCLUSION OF THE PROCEEDINGS.**

## THE REPORT MUST NOT BE TAKEN OUT OF THE COURTROOM

### Confidentiality of Pretrial Services Reports and Information

Title 18 USC § 3153(c)(1) restricts the use of Pretrial Services' information and reports. Pretrial Services' information is to "be used only for the purposes of bail determination and shall otherwise be confidential." If for any reason the report(s) is ordered placed in evidence, it should be under seal.

As mandated by Title 18 USC § 3153(c)(2), the Director of the Administrative Office of the U.S. Courts has issued Confidentiality Regulations. Copies of the Confidentiality Regulations have been provided to the Court and will be made available to counsel upon request.

**PROPERTY OF U.S. PROBATION & PRETRIAL SERVICES OFFICE**
**Central District of California**

6/2024

CAC/PSA 3
(Rev. 11/17)

# PRETRIAL SERVICES REPORT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| District Office<br>Los Angeles | | Charge(s), Title, Section, Description<br>18 USC § 871: Threats Against the President<br><br>18 USC § 2261A(2)(B): Cyberstalking<br><br>47 USC § 223(a)(1): Harassing Telephone Calls in Interstate Communications |
| Judicial Officer<br>The Honorable Diana M. Kwok | | |
| Docket Number<br>2:26-CR-00570-WLH | | |
| Time<br>1:30PM | Date<br>September 3, 2026 | |
| U.S. Probation & Pretrial Services Officer<br>Dillon Felkel 213-703-6947 | | |

## DEFENDANT HISTORY

| | | | |
|---|---|---|---|
| Name<br>Benjamin Azariah Southworth | | Employment/School<br>Water and Power Community Credit Union | |
| Address<br>236 N Reno St., Apt 236<br>Los Angeles, CA 90026 | | Address<br>1053 Sunset Blvd.<br>Los Angeles, CA 90012 | |
| Time at Address<br>4 Years | Time in Community<br>8 Years | Monthly Net Income<br>$4,000 | Time in Employ/School<br>8 Years |

***FOR COURTROOM USE ONLY - RETURN TO PRETRIAL SERVICES AT CLOSE OF HEARING PROPERTY OF UNITED STATES DISTRICT COURT***
***MUST NOT BE TAKEN FROM COURTROOM OR PHOTOCOPIED***
***TITLE 18 U.S.C. 3153(c)(1); (2)***

**Pretrial Services Report for The Honorable Diana M. Kwok**

**Re: Benjamin Azariah Southworth**

Pretrial Services interviewed the defendant and verified his background information with his partner, Elias Ayala, unless otherwise noted.

**Defendant History / Family Ties**: The defendant was born on May 13, 1986, in Sturgis, Michigan. The defendant's parents and three sisters reside in Indiana. Of the family members noted above, the defendant only maintains contact with his oldest sister.

This information was verified by the defendant's partner. The only discrepancy is the defendant's partner believes the defendant was born in Indiana.

**Residence**: The defendant has resided at the address on the face sheet for the past four years. This one-bedroom apartment is leased by the defendant's partner, Elias Ayala. Besides the defendant and his partner, there are no other occupants in this residence. If released, the defendant will continue to reside at this address. The defendant does not possess any firearms and denies the presence of firearms in the residence. The defendant was born in Michigan and relocated to Tennessee at age 18 to work in television. After approximately four years he moved to Indiana for school and then relocated to Las Vegas, Nevada in 2013. In 2018, he relocated to the Central District of California where he has remained since.

This information was verified by the defendant's partner. The only discrepancy is the defendant's partner believes the defendant was born in Indiana.

**Education**: The defendant graduated from high school and attended some college. The defendant has no college degree or military history.

This information was verified by the defendant's partner.

**Marital**: The defendant has never been married and has no children.

This information was verified by the defendant's partner.

**Citizenship/Foreign Travel**: The defendant is a United States citizen by birth. The defendant is not a citizen of any other country. The defendant does not have any family members who reside outside the U.S. The defendant has a valid U.S. Passport which is located at the address on the face sheet. The defendant has traveled internationally on two occasions in his life, with the last instance of travel having been two and a half years ago.

This information was verified by the defendant's partner.

**Pretrial Services Report for The Honorable Diana M. Kwok**

**Re: Benjamin Azariah Southworth**

**Bail Resources**: Pretrial Services spoke to two of the defendant's friends who are both willing to sign a bond on the defendant's behalf for any amount necessary. Charles Pablico-Fernandez is employed as an attorney where he earns approximately $130,000 annually. His husband, Alexander Pablico-Ferandez is employed as a hair stylist and earns approximately $30,000 annually. Both friends are U.S. Citizens, and both stated they understand the role and responsibility to serve as a surety

**Employment History**: For the past eight years, the defendant has been employed at the Water and Power Community Credit Union as a member service representative. He currently works in a full-time remote capacity. He is hourly and earns approximately $4,000 in net income. The defendant plans to return to this employment if released. Prior to this, the defendant was employed as a member service representative for the Navy Federal Credit Union for five years.

This information was verified by the defendant's partner.

**Financial Statement**: The defendant earns $4,000 in net monthly income from the above listed employment. He has no other source of income. The defendant's monthly expenses include $400 towards rent, $400 food, $750 car payment, $250 auto insurance, and $120 phone bill. The defendant's assets include $1,700 in combing banking accounts. The defendant's liabilities include $8,000 credit card debt, $1,300 in personal individual loans, and $4,000 in back taxes.

This information largely remains unverified.

**Health**: The defendant is in good physical and mental health and has no history of drug use.

**Prior Record**: A criminal background records check with the Federal Bureau of Investigation, the California Bureau of Criminal Identification and Information, and the National Crime and Information Center, under the given name, date of birth, and variations revealed the following criminal history:

**Charges – Juvenile/Dismissed/No Disposition/Other**

| Arrest/Offense Date | Arrest Location | Charge, Class, Disposition and Date |
|---|---|---|
| 2024-05-27 | CALIFORNIA | COUNT 1: VANDALISM<br>DISPO: PROCEEDINGS SUSPENDED/DIVERSION<br><br>2024-12-11: DIVERSION TERM/SUCCESSFUL/DISM |
| 2026-09-03 | CALIFORNIA | COUNT 1: 7099 - CRIMES AGAINST PERSON – THREATS PRESIDENT 18 USC 871<br>DISPO: NO DISPO |

**Pretrial Services Report for The Honorable Diana M. Kwok**

**Re: Benjamin Azariah Southworth**

| Arrest/Offense Date | Arrest Location | Charge, Class, Disposition and Date |
| --- | --- | --- |
| | | COUNT 2: 5309 - HARASSING COMMUNICATION - 18 USC 223<br>DISPO: NO DISPO |

**Other Information**: The defendant self-reported a prior arrest in 2024 for vandalizing the Israeli embassy in Los Angeles. He successfully completed diversion in this matter.

**DMV History**: According to DMV records, the defendant has a valid California driver's license. The mailing address on file as of July 14, 2026, is 236 N Reno St., 236, Los Angeles, CA.

**Wants and Warrants**: None known to Pretrial Services.

**Alleged Offense Conduct**: The defendant is charged with 18 USC § 871: Threats Against the President, 18 USC § 2261A(2)(B): Cyberstalking, and 47 USC § 223(a)(1): Harassing Telephone Calls in Interstate Communications.

**Assessment of Risk of Nonappearance:**

**Factors that Indicate Risk of Nonappearance**

- Nature and circumstances of the charged offense
- Family ties outside the district
- Prior foreign travel

**Factors that Offset Risk of Nonappearance**

- Stable residence
- Gainfully employed
- No substance abuse history
- No history of failing to appear
- Verified background
- Bail resources

**Assessment of Danger:**

**Factors that Indicate Danger to the Community**

- Nature and circumstances of the charged offense
- Prior vandalism arrest

**Factors that Offset Danger to the Community**

- No prior convictions

**Summary / Comments**: In making the recommendation, the United States Probation and Pretrial Services Office (USPPSO) considered any identified risks of nonappearance and danger. The USPPSO does not consider weight of the evidence, whether a rebuttable presumption applies to the defendant, or the potential penalty for the charged offense.

Before the Court is the 40-year-old individual with a verified background and identified bail resources. Although the nature and circumstances of the charged offense allude to possible instability, the defendant has a stable residence, is gainfully employed, has no substance abuse history, and no history of failing to appear. Therefore, Pretrial Services believes a suitable bond, along with conditions of release, could mitigate concerns for nonappearance.

Considering danger, the nature and circumstances of the charged offense coupled with the nature of the defendant's prior vandalism arrest are concerning. However, the defendant has no prior convictions. Therefore, Pretrial Services believes there are conditions of release that could mitigate concerns for danger.

Pretrial Services believes the below combination of conditions would reasonably assure the safety of the community and the defendant's appearance at future proceedings.

DF/fb

**Pretrial Services Report for the Honorable Diana M. Kwok**

**Re: Benjamin Azariah Southworth**

## Recommendation

| | | |
|---|---|---|
| ☐ Set bail as indicated below | ☐ Change/modify as indicated | ☐ Remain as previously set |
| ☐ No recommendation | ☐ Temporary detention §3142(d) | ☐ Detention §3142(e) |

## Type of Bond

| | | |
|---|---|---|
| 1. ☐ Personal Recognizance<br>2. ☐ Unsecured Appearance Bond $______<br>3. ☑ Appearance Bond $ 15,000<br>(a) ☐ Cash Deposit $______<br>(b) ☑ Affidavit of Surety Without Justification [*CR-4*] Signed by:<br>Responsible Third Party(ies) | (c) ☐ Affidavit With Justification of Surety [*CR-3*] Signed by:<br><br>☐ With Full Deeding of Property | 4. ☐ Collateral Bond in the Amount of (Cash or Negotiable Securities) $______<br>5. ☐ Corporate Surety Bond in the Amount of $______<br>☐ Forthwith Release with Bond to be Posted by:______ |

## Conditions of Release

*In addition to the General Conditions of Release:*

☐ No U.S. Probation and Pretrial Services supervision

1. ☑ Submit to United States Probation and Pretrial Services supervision as directed by Supervising Agency.
2. ☑ Surrender all passports and travel documents to Supervising Agency no later than __________, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.
3. ☑ Travel is restricted to CD/CA unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel as well as for any domestic travel if the defendant is in a Location Monitoring Program or as otherwise provided for below.
4. ☑ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.
5. ☑ Maintain or actively seek employment unless excused by Supervising Agency for schooling, training, or other reasons approved by Supervising Agency. Verification to be provided to Supervising Agency. ☑ Employment to be approved by Supervising Agency.
6. ☑ Avoid all contact, directly or indirectly (including by any electronic means), with any known victim or witness in the subject investigation or prosecution. ☐ including but not limited to __________;
   ☐ except for __________.
7. ☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may have contact with the following codefendants without your counsel present:
   ______________________________

Re: Benjamin Azariah Southworth

Conditions of Release (continued from previous page)

8. ☑ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapon. ☐ Surrender any such item as directed by Supervising Agency by____________________and provide proof to Supervising Agency. ☑ In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

9. ☐ Do not use or possess any identification, mail matter, access device (including, but not limited to, credit and debit cards), or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency.
☐ In order to determine compliance, you agree submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

10. ☐ Do not engage in telemarketing.

11. ☐ Do not sell, transfer, or give away any asset valued at $__________________________or more without notifying and obtaining permission from the Court, except_____________________________________________.

12. ☐ Do not engage in tax preparation for others.

13. ☐ Do not use alcohol. ☐ Submit to alcohol testing. If directed to do so, participate in outpatient treatment as approved by Supervising Agency. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency.

14. ☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ Submit to drug testing. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency. If directed to do so, participate in outpatient treatment as approved by Supervising Agency.

☐ In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

15. ☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or any street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

16. ☐ Participate in residential substance abuse treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to Supervising Agency only**.

17. ☑ Participate in mental health treatment, which may include evaluation, counseling, or treatment as directed by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

18. ☐ Participate in the Location Monitoring Program marked below and abide by all of the requirements of the program and any indicated restrictions, under the direction of the Supervising Agency. You must pay all or part of the costs of the program based upon your ability to pay as determined by the Supervising Agency. You are financially responsible for any lost or damaged equipment.

**a. Location Monitoring Restrictions (Select One)**

☐ **Location Monitoring only - no residential restrictions**

☐ **Curfew**: Curfew requires you to remain at home during set time periods. **(Select One)**

☐ As directed by Supervising Agency; **or**

☐ You are restricted to your residence every day from_____to ____

☐ **Home Detention**: Home detention requires you to remain at home at all times except for employment, education, religious services, medical needs or treatment, attorney visits, court appearances and obligations, essential needs, and __________________, all of which must be preapproved by the Supervising Agency.

☐ **Home Incarceration:** Home Incarceration requires you to be at home 24 hours a day except for medical needs or treatment, attorney visits, court appearances or obligations, and ________________, all of which must be preapproved by Supervising Agency.

Re: Benjamin Azariah Southworth

Conditions of Release (continued from previous page)

**b. Location Monitoring Technology (Select One)**

☐ Location Monitoring technology at the discretion of the Supervising Agency. (If checked, skip to c)

☐ Location Monitoring with an ankle monitor (Select one below)

- ☐ at the discretion of the Supervising Agency or
- ☐ Radio Frequency (RF) **or**
- ☐ Global Positioning System (GPS)

**or**

☐ Location Monitoring **without** an ankle monitor (Select one below)

- ☐ at the discretion of the Supervising Agency **or**
- ☐ Virtual/Biometric (smartphone required to participate) **or**
- ☐ Voice Recognition (landline required to participate)

**c. Location Monitoring Release Instructions (Select One)**

☐ Release to Supervising Agency only **or** ☐ Enroll in the location monitoring program within 24 hours of release.

19. ☐ You are placed in the third-party custody (*Form CR-31*) of________________________________.

20. ☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within___days of release from custody.

21. ☑ Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords, or passcodes to Supervising Agency prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit digital data. ☑ In order to determine compliance, you agree to submit to a search of your person and property, including digital devices, by Supervising Agency, which may be in conjunction with law enforcement.

22. ☑ All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

23. ☐ Do not use or possess more than one virtual currency wallet/account, and that one wallet/account must be used for all virtual currency transactions. Do not obtain or open a virtual currency wallet/account without prior approval of Supervising Agency. You must disclose all virtual currency wallets/accounts to Supervising Agency when supervision starts and must make them available to Supervising Agency upon request. You may use or possess only open public blockchain virtual currencies and are prohibited from using private blockchain virtual currencies unless prior approval is obtained from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including computer hardware and software, which may be in conjunction with law enforcement.

**Cases Involving a Sex-Offense Allegation**

24. ☐ Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords, or passcodes to Supervising Agency prior to the first use. A dgital device is any electronic system or device that can access, view, obtain, store, or transmit visual depictions of sexually explicit conducti nvolving children. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including digital devices, by Supervising Agency, which may be in conjunction with law enforcement.

25. ☐ All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations of the of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

26. ☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person under the age of 18 except in the presence of the parent or legal guardian of the minor after you have notified the parent or legal guardian of the pending charges or convictions involving a sex offense and only as authorized by Supervising Agency

Re: Benjamin Azariah Southworth

Conditions of Release (continued from previous page)

27. ☐ Do not enter or loiter within 100 feet of schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places frequented by persons under the age of 18 and only as authorized to do so by Supervising Agency.

28. ☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

29. ☐ Do not view or possess child pornography or child erotica, including but not limited to pictures, photographs, books, writings, drawings, or videos depicting or describing child pornography. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including computer hardware and software, by Supervising Agency, which may be in conjunction with law enforcement.

30. ☑ Other conditions: The defendant shall not use or access social media accounts, platforms and messaging applications or websites including, but not limited to, Instagram, Youtube, and TikTok.

**Submitted by Officer:** [signature] Digitally signed by Dillon Felkel Date: 2026.09.03 12:44:14 -07'00' **Telephone:** (213) 703-6947

**Approved by Supervisor:** [signature] Fernando Basulto 2026.09.03 14:21:29 -07'00' **Telephone:** 213-894-8850